# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DJIBY NAM

v.      Case No.: RWT 13cv546

7-ELEVEN d/b/a 365 DAYS INC.

## MEMORANDUM OPINION AND ORDER

On February 20, 2013, Plaintiff Djiby Nam, proceeding pro se, filed a complaint against his former employer, 7-Eleven, d/b/a 365 Days Inc. ECF No. 1. On April 22, 2013, Arvinder Singh Makkar attempted to file a response. ECF No. 5. However, under Local Rule 101, business entities other than sole proprietorships must be represented by counsel and on April 24, 2013, the Clerk returned the pleading to Defendant along with a letter notifying Defendant of this requirement. ECF No. 5.

On May 29, 2013, Plaintiff filed a Motion for Default Judgment as the Defendant had not responded by the April 26, 2013 deadline. ECF No. 7. On May 31, 2013, Defendant filed correspondence in opposition to the motion for default judgment, pointing out that the Defendant had responded to the Complaint (though not addressing the fact that Defendant did not do so through counsel). ECF No. 8. Subsequently, the Defendant retained counsel as required under the local rules and on June 12, 2013, filed a Motion to Dismiss the Complaint. ECF No. 10.

The Court will exercise its discretion to deny entry of default. *See, e.g., Dow v. Jones*, 232 F.Supp. 2d 491, 494 (D. Md. 2002). The Fourth Circuit has a "strong policy" that "cases be

decided on their merits." *Id.* at 494-95 (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). Even though the Defendant did not timely respond through counsel as required by the local rules, the Defendant did attempt to file a response by the filing deadline and eventually retained counsel and responded with a motion to dismiss. In light of the Court's preference for deciding cases on their merits, the motion for default judgment will be denied.

The Court has also considered the Defendant's Motion to Dismiss (ECF No. 10) and the Plaintiff's Response in Opposition thereto. ECF No. 13. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

In this case, the Plaintiff has alleged sufficient facts to survive a motion to dismiss. A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe factual allegations "in the light most favorable to

the plaintiff," *see Lambeth v. Bd. of Comm'rs of Davidson Cnty.,* 407 F.3d 266, 268 (4th Cir.2005). A pro se plaintiff is held to a "'less stringent'" standard than a lawyer, and the Court must liberally construe a pro se plaintiff's complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

The Complaint includes sufficiently detailed factual allegations. For example, with regard to the defamation of character claim, Defendant's Motion argues that "Plaintiff does not assert sufficient detail to establish that the allegation is true, and even if the allegation is true … if the allegations are more likely explained by a lawful, as opposed to an unlawful, action, then the Plaintiff's claim must be dismissed." ECF No. 10 at 2. The Complaint alleges that the Defendant called Plaintiff's new employer and describes the allegedly slanderous statements made as well as the fact that Plaintiff was subsequently fired from his new job. It is not necessary that he prove facts showing the allegation to be true at this stage. The other counts are plead with less specificity but are still sufficient to survive a motion to dismiss, especially under the less stringent test applied to pro se plaintiffs.

In his Opposition to the Motion to Dismiss, the Plaintiff requests that if the Court were to be inclined to grant the motion, it instead allow the Plaintiff to supplement the Complaint with more detailed allegations. While the Court will not grant the motion to dismiss, if the Plaintiff does wish to supplement the Complaint, the Court would be inclined to allow him to do so.

Finally, the Plaintiff has also filed a Motion for Leave to Amend the Complaint to fix an error in the name of the Defendant corporation. The Court will grant this motion and reminds Plaintiff to comply with Local Rule 103 when filing an amended complaint.

Accordingly, it is, this 28th day of January, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Plaintiff's Motion for Default Judgment (ECF No. 7) is **DENIED**; and it is further

**ORDERED**, that the Plaintiff's Motion for Leave to Amend Complaint (ECF No. 9) is **GRANTED** and the Plaintiff is reminded to comply with Local Rule 103 when filing an amended complaint; and it is further

**ORDERED**, that the Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 10) is **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE