IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2014 OCT 20 AM 10: 19
CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

**DJIBY NAM**, *Pro Se*
PMB #144
7304 Carroll Avenue
Takoma Park, MD 20912
mathiou4@aol.com
(202) 841-3792

        **Plaintiff** *Pro Se*

   VS.                                            Civil Action N0: RWT 13-cv-0546

**365 DAYS INC.**, d/b/a 7-Eleven
8600 Baltimore Avenue
College Park, MD 20740
[Prince George's County]
    Serve on:
        Geri Lyons Chase, Esq.
        Counsel for 365 Days, Inc.
        Law Office of Geri Lyons Chase
        2007 Tidewater Colony Drive, Suite 2A
        Annapolis, MD 21401
        (410) 573-9004
        Fax (410) 266-8269
        gerichase@verizon.net

        **Defendant,**

# PLAINTIFF'S FIRST AMENDED COMPLAINT

## I. INTRODUCTION

1. This case is brought by Djiby Nam, Plaintiff Pro Se, who complains that 365 Days, Inc., Defendant, doing business as 7-Eleven, engaged in a pattern or practice of unlawful conduct that resulted in violation of his rights under the Fair Labor Standard Act (FLSA), and the Maryland Wage Payment and Collection Act.

2. Defendants exploited Plaintiff by underpaying him, denying him overtime payments, and making unauthorized deductions from his pay check.

3. Plaintiff brings this action to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages or interest, cost, and treble damages under the Maryland Wage Payment and Collection Act, for Defendants' willful failure to pay him the minimum wage for all hours worked and "time and one-half" his regular rate for all hours worked in excess of 40 hours per week.

4. Plaintiff has worked at the same franchise for 4 years under two different owners, and both franchisees resorted to the same above-mentioned illegal practices

5. On February 23, 2012, Plaintiff was suspended – indefinitely – based on an alleged customer complaint, pending investigation. Plaintiff had no prior record of complaint, suspension or warning – written, verbal, or otherwise.

## II.    JURISDICTION

6. This court has subject matter jurisdiction over this complaint pursuant to 28 U.S.C. 1331 (federal question jurisdiction), 29 U.S.C. 216(b) (FLSA), and 28 U.S.C. 1367 (supplemental jurisdiction).

## III.    PARTIES

<u>PLAINTIFFS</u>

7. Plaintiff Djiby Nam, hereinafter referred to as Plaintiff, resided in College Park, Maryland and worked for 365 Days Inc., doing business as 7-Eleven, Defendant, for four (4) years, as a cashier, from 2008 to 2012. Defendant failed to pay Plaintiff the wages due for all hours worked as required by the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law. In addition, Plaintiff worked in

excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws. Moreover, unauthorized deductions were made by Defendant from Plaintiff Nam's paychecks.

DEFENDANTS

8. Defendant 365 DAYS INC., doing business as 7-Eleven, hereinafter referred to as Defendant, is a Maryland corporation with its principal place of business in Laurel, Maryland. At all times relevant to this complaint, Defendant has been an enterprise engaged in interstate commerce within the meaning of the FLSA, and the employer of Plaintiff within the meaning of the FLSA, the Maryland Wage Payment and Collection Act and the Maryland Wage and Hour Law.

9. There are significant questions of law and fact common to this case, including whether Defendants have violated the Maryland Wage Payment and Collection Act and the Maryland Wage and Hour Law.

# COUNT I

## PERSONAL INJURY
### (Defamation of Character – Slander)

10. On February 23, 2012, Plaintiff was terminated by Defendant. Therefore, Plaintiff went to work for Exxon, turned the page - forgot about 7-Eleven - and moved on with his life.

11. Upon learning of Plaintiff's new place of employment, Defendant contacted Plaintiff's new employer at College Park Exxon, Mr. Ahmad, and told him that Plaintiff was fired from 7-Eleven because of theft and therefore could not be trusted with money. Based on this information, Plaintiff lost his job at Exxon.

12. This accusation of theft by Defendant, given to Plaintiff's new employer, is malicious, false, and defamatory and has permanently damaged Plaintiff's reputation as a cashier.

13. By making a statement that he knew to be false, Defendant acted in a malicious fashion and caused Plaintiff an injury - a job loss - by calling Plaintiff's professional career as a cashier into question with slanderous remarks. As a result of the slanderous remarks, Plaintiff has lost his job, his apartment and is now homeless and living in skid row.

14. The false allegation made by Defendant resulted in financial and personal loss and caused irreparable damage to Plaintiff's character as a cashier.

15. The full name of Plaintiff's manager at Exxon is Ahmad Iftikhar. He is the owner of college Park Exxon, located at 7110 Baltimore Avenue, College Park, MD 20740. His cell phone is (443) 253-5747. The phone number to Exxon Gas Station is (301) 864-3400. Mr. Ahmad Iftikhar unequivocally and unambiguously told Plaintiff that he was being terminated as of immediately because of the slanderous remarks that Defendant told him, that he was fired from 7-Eleven because of theft and therefore could not be trusted with money. Mr. Ahmad Iftikhar will corroborate the "allegations" at trial.

16. It is unlawful for Defendant to follow Plaintiff to his new place of work and make malicious, and slanderous accusations against his person for no other reason than to cause him harm. It had been a year since Plaintiff left 7-eleven and had gone on with his life with no further contact or business relationship with Defendant. Plaintiff had even forsaken the thousands of dollars owed in overtime money during his employment there. Yet, Defendant – out of malice, vendetta or the combination of both – would not let him be. He looked for Plaintiff's new place of employment, concocted a lie and told that lie to his employer, and as a direct result of that lie, Plaintiff was fired. It is worth noting that theft was never an issue in Plaintiff's termination by Defendant. It was not mentioned and it was not discussed. The false accusation has no other purpose but cause Plaintiff harm.

Defendant knew or should have known that he was making a false statement – which show ill will, thus malicious, thus slanderous, and thus liable.

## COUNT II

### FAIR LABOR STANDARDS ACT
### (Denied of Overtime Compensation under Federal Law)

17. Plaintiff repeats and incorporates by reference the allegations set forth 1- to 16 above.

18. Defendants violated the FLSA by knowingly failing to compensate Plaintiff at a rate of one and one-half times his regular hourly rate for hours worked in excess of 40 hours per week in violation of 29 U.S.C. 207 (a)(1).

19. Defendants' actions were willful.

20. Defendants are liable to Plaintiff under 29 U.S.C. 216(b) of the FLSA, for his unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the court.

21. Plaintiff clocked in and out using the store computer, which would then generated an electronic time card. To avoid paying Plaintiff overtime, Defendant would go into the system under the manager mode (Mgr Mod) to shave off about 12 overtime hours from his electronic time card – weekly – which would leave an electronic trace, "M", as evidenced in attachment 1. For example, from week ending 09/06/2011 to week ending 01/06/2012, Plaintiff worked 52 hours per week but was paid $342.17 by check for 40 hours, and then given $70.00 in cash for the 12 extra hours, which comes to $5.80 an hour, less than the minimum wage of $7.25 per hour, and also in violation of the overtime laws which requires time and one half pay.

## COUNT III

**FAIR LABOR STANDRDS ACT**
**(Denial of Minimum Wage under Federal Law)**

22. Plaintiff repeats and incorporates by reference the allegations set forth 1 to 21 above.

23. Defendants violated the FLSA by knowingly failing to compensate Plaintiff at a rate of one and one-half times his regular hourly rate for hours worked in excess of 40 hours per week in violation of 29 U.S.C. 206 (a)(1).

24. Defendants' actions were willful.

25. Defendants are liable to Plaintiff under 29 U.S.C. 216(b) of the FLSA, for his unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other relief deemed appropriate by the court.

26. Plaintiff regular hourly pay was $8.50 and his overtime pay was $12.75 per hour. Therefore, the 12 overtime hours, per week, should have been $153.00 per week, not $70.00, as he was paid - a loss of $83.00 per pay period. Because of this, Plaintiff was cheated out of $1,992.00 for this period alone. Moreover, any change made in Plaintiff's worked hours required Plaintiff's signature to certify that he agreed with the changes made. Plaintiff has never been asked to sign for – and certify changes on his timecard. Please see attachment 1.

## COUNT IV

**MARYLAND WAGE AND PAYMENT AND COLLECTION**
**(Failure to pay Promised Wage for All Hours Worked)**

27. Plaintiff repeats and incorporates by reference the allegations set forth 1 to 26 above.

28. Pursuant to Md. Code Ann., Lab. & Empl. 3-502 and 3-504, employers such as Defendants must give notice of the regular rate of pay and pay that promised rate for all hours worked in every period.

29. Defendant failed to pay Plaintiff his promised wage rate for all hours worked.

30. Defendants failed to pay Plaintiff his wages willfully and in bad faith and not as a result of a bona fide dispute.

31. By failing to compensate Plaintiff at the required wage rate for all hours worked, Defendants have made unlawful deductions from Plaintiff's pay in violation of Md. Code Ann., Lab. & Empl. 3-503.

32. Pursuant to Md. Code Ann., Lab. & Empl. 3-507.1, Plaintiff seeks his unpaid wages, treble damages, interest, reasonable counsel fees and costs, and any other relief deemed appropriate by the court.

# COUNT V

### MARYLAND WAGE PAYMENT AND COLLECTION ACT
(Failure to Pay Compensation Due for All Hours Worked)

33. Plaintiff repeats and incorporates by reference the allegations set forth 1 to 32 above.

34. Pursuant to Md. Code Ann., Lab. & Empl. 3-502 and 3-505, employers such as Defendants must pay their employees all wages due for work performed before the termination of employment.

35. Defendants failed to pay Plaintiff all wages due for work performed, including minimum wages and overtime compensation, in violation of Md. Code Ann., Lab. & Empl. 3-502 and 3-505.

36. Defendants failed to pay Plaintiff his wages willfully and in bad faith and not as a result of a bona fide dispute.

37. Pursuant to Md. Code Ann., Lab. & Empl. 3-507.1, Plaintiff seeks his unpaid wages, treble damages, interest, reasonable counsel fees and costs, and other relief deemed appropriate by the court.

## COUNT VI
### MARYLAND WAGE PAYMENT AND COLLECTION ACT
(Unlawful Deductions)

38. Plaintiff, on behalf of himself and all prospective members of Maryland Deduction Subclass, repeats and incorporates by reference the allegations set forth 1 to 37 above.

39. Pursuant to Md. Code Ann., Lab. & Empl. 3-503, employers such as Defendants may not make a deduction from an employee's wages unless the employee expressly consents in writing.

40. Defendants made unlawful deductions from Plaintiff's pay in violation of Md. Code Ann., Lab. & Empl. 3-503 and 3-505.

41. Defendants failed to pay Plaintiff his wages willfully and in bad faith and not as a result of a bona fide dispute.

42. Pursuant to Md. Code Ann., Lab. & Empl. 3-507.1, Plaintiff seeks his unpaid wages, treble damages, interest, reasonable counsel fees and costs, and other relief deemed appropriate by the court.

43. For example, cash register shortages were routinely deducted from Plaintiff's pay check or Plaintiff was asked to reimburse for the shortage in cash as not to leave a trace. These facts will be proven through discovery.

## COUNT VII
### MARYLAND WAGE AND HOUR LAW
(Denial of Overtime Compensation
under Maryland Law)

44. Plaintiff repeats and incorporates by reference the allegations set forth 1 to 26 above.

45. Defendants failed to pay Plaintiff an overtime wage of at least one and one-half times his usual hourly wage for each hour in excess of 40 hours per week, in violation of Md. Code Ann., Labor & Empl. 3-415(a).

46. Defendants are liable to Plaintiff pursuant to Sections 3-427(a) and (d) of the Maryland Wage and Hour Law for his unpaid overtime compensation, plus interest, reasonable counsel fees and costs, and any other relief deemed appropriate by the court.

## COUNT VII

### MARYLAND WAGE AND HOUR LAW
### (Denial of Minimum Wage
### under Maryland Law)

47. Plaintiff repeats and incorporates by reference the allegations set forth 1 to 26 above.

48. Defendants failed to pay Plaintiff a wage rate that equals a rate of $7.25 per hour, in violation of Md. Code Ann., Labor & Empl. 3-413(b).

49. Defendants are liable to Plaintiff pursuant to Sections 3-427(a) and (d) of the Maryland Wage and Hour Law for his unpaid overtime compensation, plus interest, reasonable counsel fees and costs, and any other relief deemed appropriate by the court.

## COUNT VIII
### Fair Labor Standard Act
### (Wrongful Termination)

50. Plaintiff was laid off abruptly on February 23, 2012 – and indefinitely - by Defendant, based on an alleged customer complaint. Defendant's reason for Plaintiff's indefinite suspension could not be documented. Defendant could not provide Maryland Department of Labor with the name of the complaining customer, the nature of the complaint or a copy of 7-Eleven customer service notification, which is documented and archived by customer service. Moreover, the letter of determination of the Department of Labor

clearly states that "the employer failed to provide details on the separation as requested," and that "insufficient information has been presented."

51. Evidences will show that Defendant fired Plaintiff illegally because the termination was in fact a retaliatory discharge after (1) Plaintiff requested in writing a pay raise equal to that given to his co-workers on February 8, 2012; and (2) complained in writing when his request for raise was denied on February 10, 2012.

52. The series of retaliatory acts began with a reduction of Plaintiff's hours by Defendant in January of 2012, from 52 hours per week to 40 hours or less per week. Faced with this substantial loss in income, about $332.00 per month, Plaintiff requested in writing for a pay raise equal to that of his co-workers, in a letter dated February 8, 2012. Please see attachment 2. Plaintiff was making $8.50 per hours, compared to $9.00 and $10.00 made by his co-workers for the same job. However, Plaintiff's request for a pay raise was denied. Therefore, plaintiff followed up with a second letter dated February 10, 2012, providing defendant with solid arguments as to why he should get a pay raise. Please see attachment 3. As a result of these letters, Plaintiff was abruptly suspended without pay, indefinitely, on February 24, 2012, pending an investigation of an alleged customer's complaint against him. The suspension became a de facto termination. Plaintiff was never told about the nature of the customer complaint, which Plaintiff disputes, did not occur.

## COUNT IX
### FAIR LABOR STANDARDS ACT
### (Different Terms and Conditions for Employment)

53. Plaintiff was terminated for misconduct due to an alleged customer complaint against him. However, a female co-worker, named Dilaram, committed a similar misconduct, a

documented customer complaint against her through customer service, and a gross misconduct at that, a termination offense - but was not terminated.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this court:

a. Enter a declaratory judgment that Defendants violated Plaintiff's rights under the FLSA, the Maryland Wage Payment and Collection Act, and the Maryland Wage and Hour Law;

b. Enter a declaratory judgment that Defendants breached Plaintiff's employment contracts;

c. Enjoin Defendants to comply with all applicable federal and state wage laws;

d. Award Plaintiff his unpaid minimum and overtime wages plus liquidated damages as required by the FLSA;

e. Award Plaintiff his unpaid minimum, promised, and overtime wages plus treble damages under Maryland law;

f. Award Plaintiff the damages sustained as a result of Defendants' breaches of contract;

g. Award Plaintiff pre-judgment interest on all amounts owed.

h. Award Plaintiff his costs and reasonable attorneys' fees incurred in this complaint, as provided in 29 U.S.C. 216-(b), Md. Code Ann., Labor & Empl. 3-507.1, and Md. Code Ann., Labor & Empl. 3-427(d);

i. Award Plaintiff $100,000.00 for compensatory damages for emotional pain and suffering;

j. Award Plaintiff $100,000.00 for punitive damages because there is malice;

    k.    Grant such other and further relief as the court may deem just and proper.

Plaintiff requests a bench trial.

Respectfully submitted,

By: _____
Djiby Nam **Pro Se**
7304 Carroll Avenue, #144
Takoma Park, MD 20912
mathiou4@aol.com
(202) 841-3792

## CERTIFICATE OF SERVICE

I certify that on this 16th day of October, 2014 the foregoing Plaintiff's First Amended Complaint was served by FedEx mail, returned receipt and signature requested, to Defendant's counsel:

Geri Lyons Chase, Esq.
Counsel for 365 Days, Inc.
Law Office of Geri Lyons Chase
2007 Tidewater Colony Drive, Suite 2A
Annapolis, MD 21401
(410) 573-9004
Fax (410) 266-8269
gerichase@verizon.net

Counsel for defendant 365 Days, Inc., doing business as 7-Eleven

By: _____
Djiby Nam *Pro se*
7304 Carroll Avenue, #144
Takoma Park, MD 20912
mathiou4@aol.com
(202) 841-3792