IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **DJIBY NAM,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: RWT-13-546 |
| | * | |
| **365 DAYS, INC.,** | * | |
| | * | |
| Defendant. | * | |
| | ***** | |

## MEMORANDUM OPINION

Before this Court is Plaintiff Djiby Nam's motion to compel Defendant 365 Days Inc., to further respond to Plaintiff's interrogatories, set 1, and first request for production of documents; sanctions against Defendant and his attorney of record (the "Motion") (ECF No. 31). The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Motion is **DENIED WITHOUT PREJUDICE**.

**I.     Factual Background**

Plaintiff Djiby Nam ("Plaintiff"), proceeding *pro se*, filed a complaint on February 20, 2013 and an amended complaint on October 20, 2014. In the amended complaint, Plaintiff alleges he worked as a cashier at a 7-Eleven for four years until February 23, 2012, when he was terminated. Pl.'s Am. Compl. 2. Plaintiff alleges that Defendant 365 Days, Inc. ("Defendant"), doing business as the 7-Eleven, engaged in defamation of character and slander when it contacted Plaintiff's new employer and informed him that Plaintiff had been "fired" from the 7-

1

Eleven "because of theft and therefore could not be trusted with money." Pl.'s Am. Compl. 3. Plaintiff also alleges Defendant violated the Fair Labor Standard Act, the Maryland Wage and Payment Collection Act, and the Maryland Wage and Hour Law, by underpaying him, not paying him overtime wages, making unauthorized deductions from his paycheck, wrongfully terminating him, and for applying different terms and conditions for employment to Plaintiff. Pl.'s Am. Compl. 1-2, 5-12.

On April 20, 2015, Plaintiff filed his first motion to compel. ECF No. 22. In this first motion, Plaintiff stated that on January 7, 2015, he served Defendant with twenty-five (25) interrogatories, and never received a response from Defendant. Plaintiff also stated that on February 9, 2015, he served Defendant with a request for production of documents, and Defendant also did not respond. Before filing the first motion to compel, Plaintiff alleged that he contacted Defendant's counsel by sending him a letter on March 23, 2015 and an email on March 31, 2015, to discuss the pending requests. Plaintiff alleged that Defendant did not respond to the discovery requests or explain why it could not comply. On May 27, 2015, the Court entered a Paperless Order ("Court Order") granting Plaintiff's first motion to compel. ECF. No. 27. The Court found that Defendant had failed to provide timely discovery, and failed to respond to Plaintiff's repeated efforts to obtain discovery. The Court also found that "Defendant's purported production of discovery after the filing of Plaintiff's [first] [m]otion [to compel] [was] inadequate." The Court ordered Defendant to "provide complete substantive responses" to the interrogatories, and "to respond to Plaintiff's Request for Documents." Importantly, the Court also specified that Plaintiff's dissatisfaction with Defendant's responses could be addressed in a subsequent motion to compel, but only after the parties complied with the letter and spirit of Local Rule 104.8.

Plaintiff now files this Motion arguing that notwithstanding the Court's Order, the Defendant has still failed to provide the discovery requested. In particular, Plaintiff alleges that on June 13, 2015, he sent a letter to Defendant's counsel requesting that he send complete responses to his discovery requests. Pl.'s Mot. 1-2. Plaintiff alleges that Defendant has only provided two documents, and evasive answers or no answers to Plaintiff's interrogatories. Pl.'s Mot. 2. Plaintiff further alleges that on June 17, 2015, he sent a letter to Defendant's counsel indicating that the two documents Defendant produced were altered, and asking Defendant to meet with Plaintiff to discuss the authenticity of the documents. *Id*. Plaintiff alleges that Defendant did not respond to his meeting request. *Id*. In the Motion, Plaintiff asks the Court to: (1) order Defendant to provide "complete substantive responses" to Plaintiff's discovery requests, (2) sanction Defendant and its counsel by ordering them to pay $754.00, the reasonable expenses Plaintiff has incurred, (3) prosecute Defendant for "tampering with evidence" and "knowingly submitting fraudulent document[s]," (4) order Defendant to produce copies of Plaintiff's Employee Time Cards, and (5) order Defendant to produce the original copies of the three written warnings Plaintiff allegedly received while he was an employee at the 7-Eleven. Pl.'s Mot. 2-3.

In response to the Motion, Defendant states that it has provided "authentic copies" of the documents Plaintiff requested. Def.'s Opp. 1. Defendant also states that no other documents exist. Def.'s Opp. 1-2. In response to Plaintiff's request for the home address and phone numbers of all the customers who complained about Plaintiff, Defendant states that there is no complaint log with this information. Def.'s Opp. 2. Therefore, Defendant states it cannot provide information that has never existed. *Id*. In response to Plaintiff's request that Defendant provide the reason it gave the Division of Unemployment Insurance for Plaintiff's termination,

Defendant states that it did not give a reason and therefore, it cannot produce information that does not exist. *Id*. Defendant reiterates that it has provided full, accurate and truthful responses to Plaintiff's discovery requests. *Id*.

In his reply, Plaintiff states that after the Court's Order was entered, Defendant has not provided any supplemental responses to Plaintiff's interrogatories, and has produced only two altered documents in response to Plaintiff's request for production of documents. Pl.'s Reply 3. Plaintiff also states that in response to Plaintiff's request for production of documents, on four occasions, Defendant responded with "warning attached," yet no such document was attached. Pl.'s Reply 7. Plaintiff further argues that his Employee Time Card is Electronically Stored Information that can be easily retrieved. Pl.'s Reply 7-8.

## II.     Standard of Review

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir.1995) (denial of motions to compel reviewed on appeal for abuse of discretion); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988) (noting a district court's substantial discretion in resolving motions to compel).

## III.    Analysis

Before filing a second motion to compel, the Court ordered the parties to comply with the letter and spirit of L.R. 104.8. ECF No. 27. The Court finds that the parties did not comply with the letter and spirit of L.R. 104.8 and Fed. R. Civ. P. 37(a), and for this reason denies the Motion without prejudice. *See Anderson v. Reliance Standard Life Ins. Co.*, No. WDQ–11–1188, 2011 WL 4828891, at *1 (D. Md. Oct. 21, 2011) (where the Court denied the plaintiff's motion to compel discovery in part because it did not comply L.R. 104.7, 104.8 and Fed. R. Civ. P. 37(a)).

4

Under L.R. 104.8(a):

> "If a party who has propounded interrogatories or requests for production is dissatisfied with the response to them and has been unable to resolve informally (by oral or written communications) any disputes with the responding party, that party shall serve a motion to compel within thirty (30) days of the party's receipt of the response."

In other words, under this rule, "if the informal communications did not resolve the dispute, the requesting party may serve a motion to compel on the opposing party (not the Court), receive a response, and serve a reply." *Anderson*, 2011 WL 4828891, at *2. "Only after this exchange may the requesting party file the motion with the Court, and only if the dispute still remains despite the parties' sincere efforts to resolve it." *Id*. (citing L.R. 104.8(c)(i)). "At that time, 'the party seeking to compel discovery shall file the certificate required by L.R. 104.7, and shall append thereto a copy of the motion and memoranda previously served by the parties under L.R. 104.8(a).'" *Id*.

In this case, the Court finds that the parties were not able to resolve their discovery disputes informally. Plaintiff alleges that he sent letters to Defendant explaining his dissatisfaction with Defendant's responses, and asking to meet and confer, yet Defendant did not answer these letters. However, under L.R. 104.8, Plaintiff should have served a motion to compel on Defendant. Similar to the plaintiff in *Anderson*, Plaintiff did not comply with L.R. 104.8 when he filed the Motion directly with the Court.

Further, under L.R. 104.8(b), "[c]ounsel are encouraged to confer with one another before or immediately after a motion to compel is served. If they are unable to resolve their disputes, counsel must hold the conference required by L.R. 104.7 after serving upon one another all of the documents relating to the motion to compel." There is no evidence on the record that is before the Court demonstrating that Plaintiff and Defendant's counsel tried to meet and confer

after the Motion was served. There is also no evidence of the parties' compliance with L.R. 104.7, which requires a discovery conference between the parties.

Under L.R. 104.8(c)(i), "[i]f counsel fail to resolve their differences during their conference, the party seeking to compel discovery shall file [with the Court] the certificate required by L.R. 104.7, and shall append thereto a copy of the motion and memoranda previously served by the parties under L.R. 104.8(a)." Similar to the plaintiff in *Anderson*, Plaintiff failed to append the certificate required by L.R. 104.7, and a copy of the motion and memoranda previously served on Defendant under L.R. 104.8(a). For these reasons, similar to what the Court concluded in *Anderson*, the issue of whether Defendant's responses are complete and non-evasive is not ripe for decision.

Plaintiff also did not comply with Fed. R. Civ. P. 37(a), which requires that:

> "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

In this case, the Motion does not include a certificate of good faith stating that Plaintiff has in good faith attempted to confer with Defendant. Plaintiff's allegations in the Motion regarding his attempt to confer with Defendant are not enough under Fed. R. Civ. P. 37(a).

The Court reminds the parties that they are required to comply with the Federal Rules of Civil Procedure, Local Rules of this Court, and Discovery Guidelines of this Court (Appendix A to the Local Rules). *Anderson*, 2011 WL 4828891, at *3. Under Guideline 1(a) of the Discovery Guidelines of the United States District Court for the District of Maryland, D. Md. L.R. App. A:

> "The parties and counsel have an obligation to cooperate in planning and conducting discovery to tailor the discovery to ensure that it meets these objectives. Counsel have a duty to confer early and throughout the case as needed to ensure that discovery is planned and conducted consistent with these requirements and, where necessary, make adjustments and modifications in discovery as needed."

The court also reminds the parties that failure to comply with the L.R. 104.8 "will constitute a waiver of any objection to the sufficiency of the answer." *Id.* at 5, *see also Maxtena, Inc. v. Marks*, 289 F.RD. 427, 436 (D. Md. 2012) (where the Court, while discussing L.R. 104.8, warns the parties that they "should take care in the future to adhere strictly to the Local Rules of this court; failure to do so may provide a basis for entering sanctions.")

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Motion **WITHOUT PREJUDICE** and orders the parties to make sincere attempts to resolve their discovery disputes and comply with the Local Rules, the Federal Rules of Civil Procedure, and the Discovery Guidelines of the United States District Court for the District of Maryland.

October 27, 2015  /s/
Charles B. Day
United States Magistrate Judge

CBD/yv